FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>MICHELE WONG, )<br>         Defendant. ) | Crim. No. 07-211 (EGS) |

**GOVERNMENT'S MOTION UNDER THE SPEEDY TRIAL ACT
TO EXCLUDE TIME GIVEN THE COMPLEX NATURE OF THE CASE AND
TO EXCLUDE TIME TO OBTAIN EVIDENCE FROM FOREIGN COUNTRY**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves the Court under 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii), and 3161(h)(9) of the Speedy Trial Act to exclude time based on the complex nature of the case and to exclude time to permit the United States to obtain evidence from foreign nations. In support thereof, the government states the following:

FACTS

1. On July 26, 2007, a federal grand jury in the District of Columbia indicted Zhenli Ye Gon and charged him with conspiring to aid and abet the manufacture of five kilograms or more of methamphetamine, knowing or intending that it would be imported into the United States, in violation of 21 U.S.C. Sections 959 and 963, and 18 U.S.C. Section 2.

2. On August 21, 2007, a federal grand jury in the District of Columbia indicted Michele Wong and charged her with conspiring to commit money laundering and nine counts of engaging

1

in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. Sections 1956(h), 1957 and 2.

    3. Ye Gon is a citizen of China and is believed to be a citizen of Mexico. He immigrated to Mexico, eventually married, and with his wife and young children he resided in Mexico City. In the 1990's Ye Gon started a pharmaceutical company in Mexico City, Mexico known as Unimed Pharmaceutical. He began buying ephedrine and pseudoephedrine, precursor chemicals commonly used in the manufacture of methamphetamine, from a company in Inner Mongolia, which is part of the People's Republic of China (hereafter, China). The company shipped its product to Unimed over the ocean, and on some occasions the cargo went through ports in South Korea before making its way to Mexico. On at least one occasion a shipment appears to have gone to El Salvador, before making its way on to Mexico.

    4. By 2006, Unimed consisted of a modest office and warehouse where Ye Gon stored and sold penicillin and steroids, and a state of the art facility where Ye Gon processed various substances, including ephedrine and pseudoephedrine. This state of the art facility was lavish and housed very expensive equipment which was purchased from all over the world, most particularly from Germany. In conducting financial transactions, Ye Gon engaged in banking in China, Europe, Mexico, and the United States.

    5. In December 2006, law enforcement authorities in Mexico seized and sampled a shipment destined for Unimed which came into a port in Mexico. The samples were sent to the crime lab in Mexico where chemists in the lab analyzed the samples. In 2007, law enforcement authorities in Mexico searched Ye Gon's residence and found approximately 205 million dollars in United States currency, along with other currencies from around the world worth

approximately two million dollars.  Law enforcement authorities in Mexico also searched his office, warehouse, and state of the art facility, locating various financial and shipping documents showing his business and financial activities in China, Europe, Mexico, and the United States.  Law enforcement authorities seized evidence from his home, office, warehouse, and state of the art facility.  Law enforcement authorities in China and the United States also investigated Ye Gon in 2007, resulting in the seizure of evidence in China and in the United States.

      6. Michele Wong is a citizen of the United States and may also be a citizen of Hong Kong, China.  She met Ye Gon while working as a hostess at the Mirage Casino in Las Vegas, Nevada on or about October, 2004.  The Mirage fired her in January 2005, and shortly thereafter she became romantically involved with Ye Gon.  She has not been employed since January, 2005.

      7. Ye Gon gave Wong at least $1.5 million over the course of their romantic relationship.  She used the money Ye Gon gave her to purchase a $1.1 million home in Las Vegas, two automobiles, jewelry, and other items.  During their relationship, Wong gave birth to a child and claims that Ye Gon is the father.

      8. In May, 2006, Ye Gon told Wong that he was being forced to launder money in Las Vegas by a Mexican organized crime group since March, 2006.  The group wanted Ye Gon to store large sums of cash in his home and gamble with the money in Las Vegas, in addition to purchasing high value items in an attempt to launder the funds.  Ye Gon told Wong that he knew the money was from narcotics traffickers and that it was dirty.

      9. From May 2006 on, Wong continued to spend the money Ye Gon continued to give her, despite knowing its source.  She used over $850,000 to pay off the remainder of her

mortgage in July, 2006, after purchasing the home only a few months before.

10. The United States is working with officials in Mexico, China and Germany to obtain evidence located in those countries. There are numerous financial transactions that occurred in each country involving Ye Gon and Wong. Official requests to these are countries are pending in order for the countries to formally share evidence their authorities have located. Once the U.S. obtains the evidence, it will have to translate the documents into English.

## LAW

11. Under the Speedy Trial Act, 18 U.S.C. §3161 et seq., Wong's trial must commence relatively quickly, usually within seventy days. 18 U.S.C. §3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from this computation. First, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(8)(A). In determining whether to grant a continuance, a factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. §3161(h)(8)(B)(ii). Second, the Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." §3161(h)(9).

12. The United States has been working with a number of governments to gather evidence in this matter. It has received a number of documents from foreign governments in an informal manner, and is sharing some of these documents with defense counsel. The United States is in the process of gathering this material through the formal process and the prosecution has submitted a formal request to the U.S. Central Authority that will be formally transmitted to the Government of Mexico once it has been approved and translated into Spanish, in accordance with the mutual legal assistance treaty between the United States and Mexico. The evidence requested from Mexico is vital to establish the underlying specified unlawful activity that is the basis for the money laundering charges in this matter, and includes evidence of illegal importations of precursor chemicals into Mexico and financial documents and records. The U.S. must also make a formal request for evidence to the government of China because of evidence that exists in Inner Mongolia and Hong Kong. The U.S. will also make a formal request for evidence to the government of Germany. In addition to obtaining the necessary evidence, the U.S. will have to translate a large volume of documents into English, which will take some time.

<u>Time Should Be Excluded Under §3161(h)(8)(A) and (h)(8)(B)(i) and (ii) of the Speedy Trial Act Because Of The Complex Nature Of The Case</u>

13. The government respectfully moves the Court to grant a continuance because of the complex nature of the case. It is the government's position that Ye Gon was distributing ephedrine and pseudoephedrine to persons in Mexico who were involved in the manufacture of methamphetamine exported to the United States, and laundering proceeds he received from the distribution of ephedrine and pseudoephedrine with the help of Wong. Ye Gon acquired large quantities of ephedrine and pseudoephedrine from a company in Inner Mongolia, products that

were shipped from China, often through ports in South Korea, to ports in Mexico. Various financial transactions went hand in hand with these shipments. Thus, the case is complex for the following reasons. First, substantial evidence of the suspected offenses is located in foreign countries, including remote areas such as Inner Mongolia. Second, the parties will need to travel outside of the United States to interview and/or depose witnesses who are located outside of the United States. Third, because the case involves the extraterritorial application of United States law, as well as involving the laws of China and Mexico, the case may present novel questions of fact or law. Fourth, much of the documentary evidence in this case, including banking, financial, and shipping documents, are in Chinese, Korean, German or Spanish. It will take considerable time to translate these documents once they are officially received. Some of the financial transactions, such as wire transfers of funds to Michele Wong, were sent from various financial institutions in Mexico, including transfers from casa de cambios.

    14. Accordingly, the government respectfully submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act. See United States v. Kamer, 781 F.2d 1380 (9th Cir. 1986) (holding an ends of justice continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which in the Dutch language, and many foreign witnesses); United States v. Brooks, et al., 697 F.2d 517 (3d Cir. 1982) (affirming district court's grant of continuance for a complex case that alleged a drug manufacturing and distributing conspiracy involving nine people, with four counts of substantive drug offenses involving various members of conspiracy, where not all defendants had secured counsel, and where discovery had not been completed at time continuance was granted); United States v.

Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

15. This court has already granted the United States' motion to exclude time under the Speedy Trial Act in Ye Gon's case due to the complex nature of the case and the need to obtain evidence from other governments. In this case, as one of the elements of the crime, the U.S. must prove the proceeds of the crime are from a specified unlawful activity. Given the complex nature of the specified unlawful activity that generated the proceeds Wong laundered, the U.S. will need more time to adequately prepare its case against Wong.

Time Should Be Excluded Under §3161(h)(9) of the Speedy Trial Act<br>To Obtain Evidence From Foreign Countries

16. The government respectfully moves the Court to delay the setting of any trial date under 18 U.S.C. §3161(h)(9) based on the government's request for evidence located in foreign countries, including China, Germany, Mexico, and elsewhere.

17. In computing the time within which the trial must commence, the government respectfully requests that the Court order that the period of time from the filing of this motion to a year therefrom be excluded pursuant to 18 U.S.C. §3161(h)(9). See United States v. Serna, 630 F. Supp. 779 (S.D.N.Y. 1986) (finding the government was entitled to continued exclusion of time not to exceed one year under 18 U.S.C.A. § 3161(h)(9) while the government made a diligent and good-faith effort to obtain evidence gathered by Spanish police); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985)(concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a

complex case that sought evidence from Hong Kong and Singapore).

18. Excluding an entire year, however, does not necessarily mean that the trial need be delayed this long. The government will seek to obtain the requested evidence as expeditiously as possible. Alternatively, the Court could grant the government's motion for a shorter period of time with the opportunity for the government to seek additional exclusions of time up to a total of one year.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant this motion, and to certify this case as complex.

RESPECTFULLY SUBMITTED,

KENNETH A. BLANCO, CHIEF
NARCOTICS AND DANGEROUS DRUG SECTION

RICHARD WEBER, CHIEF
ASSET FORFEITURE AND
MONEY LAUNDERING SECTION


_____/s/_____
Paul W. Laymon
Wanda Dixon
Robert Stapleton
Trial Attorneys
Criminal Division, Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-1286

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 07-211 (EGS) |
| ) | |
| MICHELE WONG, ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of the "Government's Motion Under The Speedy Trial Act To Exclude Time," the Defendant's Response Thereto, and the entire record in this matter, it is this, _____ day of _____, 2007,

ORDERED, that the government's motion is **GRANTED**. In support of this ruling, the Court makes the following findings:

1. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(8)(A), and 18 U.S.C. §3161(h)(8)(B)(i) and (ii), that the ends of justice served by granting the government's motion outweigh the best interest of the public and the defendant in a speedy trial. The reason for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial is based upon the nature of the case, that is, this case is complex due to the nature of the prosecution, in that it is an international drug conspiracy case involving multiple defendants and evidence from several countries, and it is therefore unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

2.  Pursuant to 18 U.S.C. §3161(h)(9), the Court **FINDS**, by a preponderance of the evidence, that the United States will make an official request, as defined in 18 U.S.C. §3292, for evidence of the offense charged in the indictment from China, Mexico and Germany, and that it reasonably appears that such evidence is in those nations. In computing the time within which the trial must commence, the period of time from the filing of the government's motion to six months therefrom shall be excluded pursuant to 18 U.S.C. §3161(h)(9) with the right of the government to apply for an additional six months if necessary.

DATE: _____
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　EMMET G. SULLIVAN, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT