UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHELLE WONG, )<br>)<br>Defendant. )<br>_____) | Crim. No. 07-211 (EGS) |

### DEFENDANT WONG'S OPPOSITION TO GOVERNMENT'S MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME GIVEN THE COMPLEX NATURE OF THE CASE AND TO EXCLUDE TIME TO OBTAIN EVIDENCE FROM FOREIGN COUNTRY

COMES NOW, Defendant Michelle Wong, by and through her attorneys G. Allen Dale, David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and hereby files this Opposition to Government's Motion under the Speedy Trial Act to Exclude Time Given the Complex Nature of the Case and to Exclude Time to Obtain Evidence from Foreign Country.

This Opposition is made and based upon the following:

A.  Procedural History:

Michelle Wong was charged by way of Complaint on June 16, 2007. She was arrested in Las Vegas, Nevada, had her initial appearance on July 24, 2007, and was detained at the request of the government, by the Magistrate Judge. Thereafter, Ms. Wong filed for a review of her Detention. It was not until August 6, 2007, that Ms. Wong was Ordered released from custody and permitted to voluntarily appear in the District of Columbia.

Ms. Wong was then Indicted in the instant case on August 21, 2007, and made her initial

appearance on August 22, 2007. Ms. Wong was released on pretrial supervision. Ms. Wong has invoked her right to a Speedy Trial and the government now seeks to exclude time.

B.   Factual History:

First and foremost, the Defendant disputes the "Facts" as alleged by the government. Nevertheless, the Motion at issue is more procedural than factual.

Ms. Wong stands charged by way of Indictment with one count of Conspiracy to Commit Money Laundering and nine counts of specific alleged transactions of money laundering.

She is not charged with any drug offenses, nor is she a co-defendant of Zhenli Ye Gon. The case against Ms. Wong is by no means complex, nor is there a need for foreign discovery. The banks and mortgage companies where the transactions allegedly occurred are all within the United States.

The government arrested Ms. Wong on the Complaint and obviously believed that they had sufficient evidence with which to prosecute Ms. Wong. Indeed, the government presented sufficient evidence to a Grand Jury to secure the indictment. They chose to proceed with the charges against Ms. Wong, and there is no justification for a delay herein. It should further be noted that the government believes that they have enough evidence to not only seize Ms. Wong's property, but to proceed with both criminal and civil forfeiture actions; yet, they claim a delay is necessary in the instant case.

The government claims that "substantial evidence of the suspected offenses is located in foreign countries, including remote areas such as Inner Mongolia". See Motion page 6. That is a misleading assertion. The offenses charged herein are related to money laundering. There is no allegation, nor any evidence, that Michelle Wong, a citizen of the United States and Las Vegas,

conducted financial transactions in Mongolia or other foreign Countries.

The government further claims that "the parties will need to travel outside of the Untied States to interview and/or depose witnesses who are located outside of the United States." What foreign witnesses and depositions are needed to prosecute the charges of transferring money to and from a Citibank account to a Countrywide Home Loans account as alleged in Counts two through 4? What foreign witnesses and depositions are needed to prosecute the charges of transferring money to or from an e-savings account as alleged in Counts 5 through 7. What foreign witnesses and depositions are need to prosecute the charges of transferring funds to a Mercedes dealership as alleged in Counts 8 and 9? All of those allegations relate to conduct alleged to have transpired within the United States.

Next, the government argues that "because the case involves the extraterritorial application of United States law, as well as involving the laws of China and Mexico, the case **may present** novel questions of fact or law. First and foremost, this assertion that the case **may present** novel questions does not meet the standards required to exclude time. Second, as described above, the allegations against Ms. Wong do not necessitate extraterritorial applications of United States law. All conduct is alleged to have occurred in the United States.

Finally, the government claims that "much of the documentary evidence in this case, including banking, financial, and shipping documents, are in Chinese, Korean, German or Spanish. It will take considerable time to translate these documents once they are officially received." The government further claims that "Some of the financial transactions, such as wire transfers of funds to Michele Wong, were sent from various financial institutions in Mexico, including transfers from casa de cambios." What the government fails to realize is Ms. Wong is not charged with an

3

offense related to the receipt of money. She is charged with offenses related to the use of money. Accordingly the government's last claim regarding foreign documents is irrelevant.

## STATEMENT OF THE LAW

The government first cites *United States v. Kamer*, 781 F.2d 1380 (9th Cir. 1986) for the notion that a complex case warrants exclusion from the Speedy Trial Act. However, in that case the defendant's attorney requested a continuance over the defendant's objection, the government requested a continuance, and the district judge observed that the case was a complex one, noting that there were numerous overseas documents, most of which are in the Dutch language. Additionally the Court found that of the more than 70 witnesses, many resided in Europe.

The government has not made an equivalent showing in the instant case.

Next the government cites *United States v. Brooks*, 697 F.2d 517 (3d Cir. 1982). In that case the Court noted some of the factors that must be considered in assessing the government's request. Those factors are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

Neither of those two factors are present in the instant case. The government obtained their Indictment, alleged the nine specific transactions that are of concern to them, and should be prepared to proceed with their prosecution. There is nothing in the government's pleading that demonstrates their inability to proceed with this prosecution absent a continuance. Moreover, there is nothing unusual or complex in Ms. Wong's case.

When Congress enacted the Speedy Trial Act they wanted to insure that a district judge would give careful consideration when balancing the need for delay against "the interest of the defendant and of society in achieving speedy trial." S.Rep. No. 1021, 93d Cong., 2d Sess. 39 (1974). When that balancing test is employed herein, it is clear that Ms. Wong's rights outweigh the government's alleged need for a continuance.

Unlike *Brooks,* where the Court emphasized that the case was a complex case which alleged a drug manufacturing and distribution conspiracy involving nine people at various levels of production, and four substantive counts of possession and distribution at different times involving various members of the conspiracy, this case is a single Defendant case with allegations of nine specified transactions. Furthermore, in the *Brooks* case the court also noted that, at arraignment, not all defendants had yet secured counsel. None of those circumstances exist in the instant case.

Next, the government cites *United States v. Strong,* 608 F. Supp 188 (E.D.Pa. 1985). Therein the Court granted a continuance with excludable time because a necessary witness to the government's case resided in Hong Kong. That witness was specifically identified and her necessity to the case was established by the government. Further, the Court noted that the government's case would be substantially impeded if that testimony was unavailable.

The government has not made such a showing in this case.

Finally, the government cites *United States v. Serna,* 630 F. Supp 779 (S.D.N.Y 1986). Therein, the government was granted a continuance in order to obtain wiretap recordings of conversations that were had with a known associate of the defendant. Those conversations allegedly implicated the defendant in an international drug organization. The Court granted a continuance noting that the government had acted expeditiously in attempting to obtain that

information and the government was slowed by bureaucratic red tape. The Defendant did not object on grounds that the evidence was not relevant, rather, the objection was made to the government's diligence in attempting to obtain this evidence. The Court found that the government had acted diligently.

In the instant case, the government has not even identified with specificity what evidence it is attempting to obtain, what the relevance of that evidence is to the prosecution of Ms. Wong, and what efforts have been made to obtain said evidence expeditiously.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." The Court identified the interests served by the Speedy Trial Clause in *United States v. Marion, 404 U.S. 307,* 320 (1971):

> **"Inordinate delay between arrest, indictment, and trial may impair a defendant's ability to present an effective defense. But the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense. To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."**

**See also** *Barker v. Wingo*, 407 U.S. 514, 532-533, 92 S.Ct. 2182, 2192-2193, 33 L.Ed.2d 101 (1972).

The Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due

6

Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges. *United States v. McDonald*, 456 U,S, 1, 8 (1982).

It is respectfully submitted that the well chosen language of *United States v. McDonald* is applicable herein. Ms. Wong was detained for two weeks, has been required to retain counsel, has been required to travel to Washington, D.C. for Court purposes, has been placed on pretrial supervision, and has had the emotional disruption in her life with along with the tremendous anxiety that comes with Defendant a criminal case.

The government has failed to set forth the criteria necessary to exclude time from the Speedy Trial Act, and the request for continuance should therefore be denied. Michelle Wong has invoked her right to a speedy trial and continues to invoke that right.

Dated this 5th day of October, 2007.

                                                Respectfully Submitted:

                                                ____/s/_____


Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges. *United States v. McDonald*, 456 U,S, 1, 8 (1982).

It is respectfully submitted that the well chosen language of *United States v. McDonald* is applicable herein. Ms. Wong was detained for two weeks, has been required to retain counsel, has been required to travel to Washington, D.C. for Court purposes, has been placed on pretrial supervision, and has had the emotional disruption in her life with along with the tremendous anxiety that comes with Defendant a criminal case.

The government has failed to set forth the criteria necessary to exclude time from the Speedy Trial Act, and the request for continuance should therefore be denied. Michelle Wong has invoked her right to a speedy trial and continues to invoke that right.

Dated this 5th day of October, 2007.

Respectfully Submitted:

____/s/_____
G. ALLEN DALE, ESQ.
LAW OFFICES OF G. ALLEN DALE
601 Pennsylvania Avenue, NW
Suite 900, North Building
Washington, D.C. 20004-2601

DAVID Z. CHESNOFF, ESQ.
RICHARD A. SCHONFELD, ESQ.
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
    Attorneys for Defendant: MICHELLE WONG