UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V.                    )<br>)<br>MICHELE WONG,             )<br>             Defendant.      ) | Crim. No. 07-211 (EGS) |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME**

**COMES NOW** the United States of America, by and through the undersigned attorneys, respectfully submits its Reply to Defendant's Opposition to Government's motion pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii), and 3161(h)(9) of the Speedy Trial Act to exclude time based on the complex nature of the case and to exclude time to permit the United States to obtain evidence from foreign nations.

The Government's Motion requested this Court grant its request to exclude time from the computation under the Speedy Trial Act due to (1) the complexity of the case and (2) the need to acquire and review evidence that is in foreign languages and located abroad. In its opposition, Defendant glosses over the Government's legitimate need to acquire, translate and review foreign evidence and suggests that the Government had not made an equivalent showing that was demonstrated in U.S. v. Kramer, 781 F.2d 1380 (9th Cir. 1986). Indeed, while Kramer involved a request to The Netherlands for documents in Dutch, the instant case involves treaty requests to multiple jurisdictions and translations of Spanish, Chinese and German documents.

The evidence sought from foreign governments is essential for the Government to meet its evidentiary burden at trial, to show that the proceeds Defendant laundered were proceeds of a specified unlawful activity, which is an essential element of the money laundering offense. The defense downplays the need for foreign evidence and instead erroneously suggests that the Government must only prove that, "[Defendant] is charged with offenses related to the use of the money." Def. Opp'n to Government's Mot. Under the Speedy Trial Act, p. 4. As Defendant well knows, it is insufficient to show only that Defendant simply spent the money at issue; the Government must also show that the money was derived from a specified unlawful activity. See 18 U.S.C. 1957(a). That is why the evidence that is in foreign languages and located overseas –all of which relates to the specified unlawful activity–is vital to this case. Evidence exists in at least three countries, in three different languages, and the Government must obtain these documents and translate them, all the while ensuring their authenticity, in order to use them in this case. The Government is fully engaged in obtaining this evidence as quickly as possible. Accordingly, on this basis alone, the Court should grant the Government's Motion.

Secondarily, the defense cites to U.S.v. MacDonald, 456 U.S. 1 (1982), and U.S. v. Marion, 404 U.S. 307 (1971) for general propositions the Court made about the need for the Sixth Amendment right to speedy trial, but those cases do not address the delay that is being sought here that is provided for in 18 U.S.C. 3161. Additionally, the two week detention of which Defendant complains cannot be considered the type of inordinate delay that was at issue in Marion and MacDonald, particularly when one considers what Defendant failed to mention–that the Defendant was detained for that period because the Magistrate Judge in Las Vegas found that Defendant lied to Pre-Trial Services about her place of residence and her knowledge regarding

the whereabouts of her co-defendant. The Magistrate Judge also found that Defendant may have secreted significant funds that she could have used to flee. In addition to these misstatements that resulted in her detention, Defendant has more recently failed to notify the Court or the Government, upon her release from detention, that she possessed a Hong Kong passport, despite repeated requests by the Government regarding other passports Defendant may own, and initially only surrendered her U.S. passport to the Court. A Magistrate Judge in the District of Columbia had to ask Defendant twice in Court before Defendant admitted to owning a Hong Kong passport. This detention, and other subsequent delays, are wholly at the fault of the Defendant herself.

It would be an odd result indeed if lying to Pre-Trial Services and investigators, secreting funds that are the proceeds of a crime, and otherwise obstructing an investigation–and the resulting detention therefrom–should somehow enable her faster access to trial than a defendant who was forthright with the Court and Pre-Trial Services and was not detained for being a flight risk. Even ignoring her misstatements to the Court and Pre-Trial Services, the other factors that the Supreme Court considered in MacDonald and Marion do not weigh in Defendant's favor. In the instant case, not only is Defendant free on bond at the moment, thus limiting the interference upon her liberty, but Defendant was unemployed at the time of her arrest and during her initial appearance in this District, Defendant was still unemployed–despite the fact that she was supposed to find employment as part of the stipulation for her release in Las Vegas–thus mitigating any disruption on her employment. In fact, given that Defendant has been unemployed since early 2005, this case has not had any impact on her employment status whatsoever, other than perhaps prompt her to find a job because the Government has sought to

ensure that she is no longer living off the largess of her co-conspirator, Zhenli Ye Gon, and his criminal proceeds. Finally, as part of Defendant's release agreement in this District, she is not electronically monitored, but must check in with Pre-Trial services on a weekly basis. Defendant is not permitted to travel abroad and has agreed to waive extradition should she try to flee to another country. However, these are not severe restrictions given the gravity of the crimes of which Defendant has been accused and do not favor denial of the Government's Motion. Accordingly, the Court should grant the Government's Motion.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant its motion, and to certify this case as complex.

RESPECTFULLY SUBMITTED,

KENNETH A. BLANCO, CHIEF
NARCOTICS AND DANGEROUS DRUG SECTION

RICHARD WEBER, CHIEF
ASSET FORFEITURE AND
MONEY LAUNDERING SECTION

_____/s/_____
Paul W. Laymon
Wanda Dixon
Robert Stapleton
Trial Attorneys
Criminal Division, Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-1263