UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 07-211 (EGS) |
| ) | |
| MICHELE WONG, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S RENEWED
MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME GIVEN
THE COMPLEX NATURE OF THE CASE AND TO EXCLUDE TIME TO OBTAIN
EVIDENCE FROM FOREIGN COUNTRIES

COMES NOW the defendant, Michele Wong, by and through counsel, G. Allen Dale, David Z. Chesnoff and Richard A. Schonfeld, and respectfully opposes the Government's Renewed Motion Under The Speedy Trial Act To Exclude Time Given The Complex Nature Of The Case And To Exclude Time To Obtain Evidence From Foreign Countries. In support thereof, the defendant respectfully states:

BACKGROUND

1. On July 26, 2007, a federal grand jury in the District of Columbia indicted Zhenli Ye Gon and charged him with conspiring to aid and abet the manufacture of five kilograms or more of methamphetamine, knowing or intending that it would be imported into the United States, in violation of 21 U.S.C. Sections 959 and 963. This case, while separate and apart from that of Ms. Wong, represents the basis of the government's request to exclude time under the Speedy Trial Act.

1

2. Ms. Wong was charged by way of Complaint on June 16, 2007. She was arrested in Las Vegas, Nevada, had her initial appearance on July 24, 2007, and was detained at the request of the government, by the Magistrate Judge. Thereafter, Ms. Wong filed for a review of her detention. It was not until August 6, 2007, that Ms. Wong was ordered released from custody and permitted to voluntarily appear in the District of Columbia. On August 21, 2007, a federal grand jury in the District of Columbia indicted Ms. Wong and charged her with conspiring to commit money laundering and nine counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §§1956(h), 1957, and 2.

3. The case against Ms. Wong is relatively simple. The indictment charges her with conspiracy to engage in monetary transactions in criminally derived property and lists as counts 2 through 10 of the indictment, nine specific monetary transactions.

4. Even though the indictment makes no mention of the source of the "criminally derived property," the government has, in numerous filings, alleged that the money was given to Ms. Wong by Zhenli Ye Gon. Specifically the government alleges that Ye Gon and Ms. Wong became romantically involved and that, during the course of their relationship, Ye Gon gave her approximately $1.5 million.

5. The government claims that in May, 2006, Ye Gon told Ms. Wong that he was being forced to launder money in Las Vegas by a Mexican organized crime group since March, 2006. Ms. Wong disputes this allegation. She knew Ye Gon as an extremely rich multinational businessman. This, of course, will be for a jury to decide when, if ever, a jury is allowed to hear the case.

## THE SPEEDY TRIAL ACT

Under the Speedy Trial Act, 18 U.S.C. §3161 et seq., a person under indictment has a right, absent unusual circumstances, to have their trial begin within seventy days. 18 U.S.C. §3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from this computation. First, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(8)(A). In determining whether to grant a continuance, a factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. §3161(h)(8)(B)(ii). Second, the Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." §3161(h)(9).

## THE GOVERNMENT'S REQUEST

As noted earlier, Ms. Wong was charged in June, 2007, arrested in July, 2007, detained until August 6, 2007, and indicted on August 21, 2007. Trial should have commenced on

October 30, 2007[1] Instead, this court, on that same date, granted the government's first motion to exclude time. The government has now requested additional time be excluded from the speedy trial computation on two grounds. First they claim the case is complex and second the government seeks a delay, claiming they have sought evidence from a foreign country.

## COMPLEX NATURE OF THE CASE

As to Michele Wong, there is absolutely nothing complex. Ms. Wong is not charged with Ye Gon. She is charged alone with nine specific counts of money laundering. Counts 2, 3, 4, 5, 6, and 7 involve her Citibank account, in one way or another. Counts 8, 9 and 10 involve payments to a car dealership for the purchase of an automobile.

As we noted in our opposition to the government's first motion to exclude time, Ms. Wong is not charged with any drug offenses, nor is she a co-defendant of Zhenli Ye Gon. The case against Ms. Wong is by no means complex, nor is there a need for foreign discovery. The banks and mortgage companies where the transactions allegedly occurred are all within the United States.

The government arrested Ms. Wong on the Complaint and obviously believed that they had sufficient evidence with which to prosecute her. Indeed, the government presented sufficient evidence to a Grand Jury to secure the indictment. They chose to proceed with the charges against Ms. Wong, and there is no justification for a delay herein. It should further be noted that the government believes that they have enough evidence to not only seize Ms. Wong's property, but to proceed with both criminal and civil forfeiture actions; yet, they claim a delay is necessary in the instant case.

The government claims that "substantial evidence of the suspected offenses is located in foreign countries, including remote areas such as Inner Mongolia". See Motion page 6. That is a

---

[1] Ms. Wong had steadfastly announced her desire for a speedy trial.

4

misleading assertion. The offenses charged herein are related to money laundering. There is no allegation, nor any evidence, that Michelle Wong, a citizen of the United States and resident of Las Vegas, conducted financial transactions in Mongolia or other foreign Countries.

The government further claims that "the parties will need to travel outside of the United States to interview and/or depose witnesses who are located outside of the United States." Foreign witnesses and depositions are not needed to prosecute the charges of transferring money to and from a Citibank account to a Countrywide Home Loans account as alleged in Counts two through four. Foreign witnesses and depositions are not needed to prosecute the charges of transferring money to or from an e-savings account as alleged in Counts five through seven. Foreign witnesses and depositions are not needed to prosecute the charges of withdrawing funds then transferring them to a Mercedes dealership as alleged in Counts eight through 10. All of those allegations relate to conduct alleged to have transpired within the United States.

Next, the government argues that "because the case involves the extraterritorial application of United States law, as well as involving the laws of China and Mexico, the case may present novel questions of fact or law. First and foremost, this assertion that the case may present novel questions does not meet the standards required to exclude time. Second, as described above, the allegations against Ms. Wong do not necessitate extraterritorial applications of United States law. All conduct is alleged to have occurred in the Untied States.

Finally, the government claims that "much of the documentary evidence in this case, including banking, financial, and shipping documents, are in Chinese, Korean, German or Spanish. It will take considerable time to translate these documents once they are officially received." The government further claims that "[s]ome of the financial transactions, such as wire

transfers of funds to Michele Wong, were sent from various financial institutions in Mexico, including transfers from casa de cambios." What the government fails to recognize is that Ms. Wong is not charged with an offense related to the receipt of money. She is charged with offenses related to the use of money. Accordingly the government's last claim regarding foreign documents is irrelevant.

The government has convinced this court, wrongly we submit, that the difficulty in proving the case against another person, charged in a separate indictment, should allow them to trample upon Ms. Wong's right to a speedy trial. There is no authority -- nor should there be any -- for such an absurd proposition.

In short, the ends of justice do not outweigh the best interest of the public in a speedy trial; and they certainly do not outweigh Ms. Wong's interest in a speedy trial. She has been publicly arrested and subjected to scorn and ridicule in the media, detained for two weeks, required to hire counsel, travel cross country again and again from her home, where she cares for her minor child to answer these charges, placed on pretrial supervision and had to suffer the emotional disruption of her life. She prays for a speedy trial to remedy each of these disruptions.

## FOREIGN EVIDENCE

The government has once again moved this Court to delay setting a trial date "based on [their] request for evidence located in foreign countries, including China, Germany, Mexico and elsewhere." [Government motion at 7].

In the proposed order presented to the Court, the government asked the court to find by a preponderance of the evidence that they WILL (emphasis added) make an official request, as defined in 18 U.S.C. §3292, for evidence of the offense charged in the indictment from China,

Mexico and Germany. As Ms. Wong pointed out to the Court at our last hearing on February 1, 2008, the statute requires that the request already be made - not be made in the future. The government agreed and asserted that the order simply had a "typo". The government went on to tell the court that indeed the requests had been made. Yet at a hearing three days later, at Ye Gon's status hearing, a different Assistant United States Attorney advised the Court that no request had yet been made of China, but the request <u>would be</u> made by March 18, 2008 [Emphasis added].

The government argues that "the Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." §3161(h)(9). (Government motion at 4).

The government omits that the official request must be made "as defined in section 3292 of this Title."

18 U.S.C. 3292 provides, in pertinent part:

> (a)(1) Upon application of the Unites States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.
>
> (b) Except as provided in subsection (c) of this section, a period of suspension under this section shall begin on the date on which the official request is made and end on the date on which the foreign court or authority takes final action on the request.

> (d) As used in this section, the term "official request" means a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country.

First, §3292 does not toll the Speedy Trial Act -- it tolls the statute of limitations, Second, §3292 requires an application by the government before the return of an indictment -- not after as in this case.[2] Third, the Court must find by a preponderance of the evidence that an official request has been made. One wonders how the Court could make such a finding without requiring the government to provide the "requests" to the Court and counsel. We have previously argued such, but the government alleges that there is no authority for such a display of evidence of such requests. "Just take our word - the request has been made," so an AUSA says on February 1, 2008. Or -- maybe not, says a different AUSA at a different hearing on February 4, 2008.[3]

The Court must also find that the request was an "official request" as defined in the statute. Without seeing the request, how could this Court possibly make such a finding.

Additionally, a request for evidence of offenses from foreign governments does not suspend the statute of limitations for every possible offense, but only for those offenses under investigation by the grand jury and for which foreign evidence has been officially requested. See U.S. v. Neill, 952 F.Supp. 831 (D.D.C. 1996). Without seeing the request(s) the Court cannot determine if evidence of Ms. Wong's alleged money laundering is being sought.

---

[2] From day one, Ms. Wong has argued that it is not proper to return an indictment then travel the four corners of the earth seeking proof of the crime. §3292, by tolling the statute of limitations for up to 3 years to allow the government time to seek proof of a crime, displays Congress' belief to be the same - find proof then indict.
[3] See U.S. v. Ratti, 365 F.Supp. 2d 649 (D.MD. 2005) where the government attached to their application a copy of the request made to the Italian government.

CONCLUSION

Ms. Wong is charged as a lone defendant in an indictment alleging money laundering, unlike most of the cases cited by the government in their motion (See e.g., United States v. Brooks, et al., 697 F.2d 517 (3rd Cir. 1982) where the district court granted a continuance for a complex case involving nine people where not all defendants had secured counsel). Simply put, the government claims Ms. Wong received money from another individual and she knew the money was from illegal drug transactions. She denies this allegation.

The government has all documents relating to the property that is the subject of this indictment. Yet, the government asks the court to suspend the speedy trial act while they prove, or attempt to prove, the case against another person in another separate indictment. All the while, the government has seized every penny Ms. Wong has. They have taken her automobiles and they have placed liens against her home.

Ms. Wong, a United States citizen and resident of Las Vegas, Nevada, where each and every charge in the indictment is alleged to have taken place, has been, curiously enough, indicted on the East Coast. She is required to travel to the District of Columbia to face the charges. She is required to hire counsel. The indictment pending against her makes it impossible for her to obtain employment[4]. The emotional strain is almost unbearable, with no end in sight.

---

[4] The government has time and time again argued in court that they find it strange that Ms. Wong argues she is unable to obtain employment because, as they allege, she was not working prior to being indicted. Indeed she was not working prior to being indicted because the father of her child, known to her as a wealthy businessman, had allowed her to remain home and care for the child. He has now been indicted and is being held without bond. All of his assets have been seized. All of Ms. Wong's assets have been seized. She must, therefore, return to work to pay the bills to support herself and her child.

The government not only prohibits Ms. Wong from enjoying a speedy trial and putting this case behind her, but from fighting the forfeiture allegations and recovering her property, property she needs to mount a vigorous defense. (In the civil forfeiture action the government claims that they will move to stay proceedings until the criminal case is over).

If the government is able to continue to convince this court that it is proper to await their globe trotting efforts to obtain evidence against another individual in another indictment then, at a minimum, the government should be required to offer some proof to this court to allow the court to make a finding, by a preponderance of the evidence, that an official request has been made for such evidence, as well as what the evidence is that pertains to the charges against Ms. Wong - not Yi Gon. One has to wonder why the government simply is unwilling to provide a copy of the request that has been made or, as one prosecutor told the court, not yet made.

The Sixth Amendment right to a speedy trial anticipated by our founders is not intended simply to prevent prejudice to the defense caused by the passage of time but is designed to minimize what, at the inception of our country's government, was the distinct possibility of lengthy incarceration prior to trial. In today's age it is meant to reduce substantial impairment of liberty imposed on an accused while released on bail and to shorten the disruption of life caused by arrest, and the presence of unresolved criminal charges.

Ms. Wong has continually invoked her right to a speedy trial and the government has, absent their assertions, provided absolutely no legitimate reason to deprive her of that right. The court, at a minimum, should deny the government's request for exclusion of time. Under any circumstance, short of the court entering an order dismissing the indictment, the court should

order the government to provide proof to the court and counsel of each and every request that has been made to any foreign government, the date the request was made and any response which has been lodged by each and every government.

Respectfully submitted,

_____/s/_____
G. ALLEN DALE
# 954537
601 Pennsylvania Avenue, N.W.
North Building - Suite 900
Washington, D.C. 20004
(202) 638-2900
Fax: (202) 783-1654
gallendale@aol.com


_____/s/_____
DAVID Z. CHESNOFF
RICHARD A. SCHONFELD
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Defendant MICHELLE WONG