UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 07-211 (EGS) |
| ) | |
| MICHELE WONG, ) | |
| Defendant. ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S RENEWED MOTION UNDER THE SPEEDY TRIAL ACT TO EXCLUDE TIME**

**COMES NOW** the United States of America, by and through the undersigned Department of Justice Trial Attorneys, and respectfully submits its Reply to Defendant's Opposition to Government's motion pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii), and 3161(h)(9) of the Speedy Trial Act to exclude time based on the complex nature of the case and to exclude time to permit the United States to obtain evidence from foreign nations.

The Government's Motion requested that this Court grant a renewed request by the Government to exclude time from computation under the Speedy Trial Act due to (1) the complexity of the case and (2) the need to acquire and review evidence that is located abroad. Defendant challenges both bases of the Government's motion.

As the Government has previously explained, it is essential to its ability to prove its case to be able to obtain the specific evidence it has requested from foreign governments in a properly-certified manner so that it may be used in the criminal trial in this case. Accordingly, the Government has made official requests to several foreign governments and continues to await their full compliance and satisfaction of these requests. While, as defendants note, the

1

Government may already possess evidence related to the charged financial transactions, the Government must also prove, as an element of the offense, that the funds involved in the transfers were proceeds of a "specified unlawful activity." Given that the specified unlawful activity at issue here – narcotics trafficking – occurred in part outside of the United States, the Government naturally has to request the assistance of foreign governments in properly compiling its proof for trial. Some of the evidence located overseas will contain the originating information for the transactions in which Defendant was the receiver of proceeds, and may be in a foreign language, which adds to the complexity of this case.

Evidence exists in at least three countries, in three different languages, and the Government must obtain these documents and translate them, all the while ensuring their authenticity, in order to use them in this case. The Government is fully engaged in obtaining this evidence as quickly as possible. Accordingly, on this basis alone, the Court had a sufficient basis to grant the Government's Motion.

The Speedy Trial Act provides, in Section 3161(h)(9) that delay may be excluded in computing time by which trial must commence for:

> Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonable appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. §3292, a statute that allows for tolling of the statute of limitations in circumstances where the Government needs foreign evidence before indictment, contains in subsection (d) the definition of "official request" as referenced in 18 U.S.C. §3161(h)(9). Specifically, section 3292(d) states:

> [T]he term "official request" means a letter rogatory, a request under a treaty or convention, *or any other request for evidence* made by a court of the United States *or an authority of the United States having criminal law enforcement responsibility*, to a court *or other authority of a foreign government*.

(emphasis added). The United States has made a number of official treaty requests to obtain evidence related to this case from Mexico, Hong Kong and Germany, and only Hong Kong has fully acted upon the request. Furthermore, §3161(h)(9) does not require a party to make an official request for evidence from a foreign country prior to indictment.

As the plain language of section 3292(d) establishes, there is some flexibility in what constitutes an "official request" for purposes of 3161(h)(9), and the definition would encompass not only requests coming from various levels of government officials, but also both written and oral requests. See U.S. v. Wardrick, No. 96-4831, No. 96-4908, 1998 U.S. App. LEXIS 7372, at *22-23 (4th Cir. April 13, 1998) (upholding district court's decision granting government's motion for continuance under 3161(h)(9) because government representative had called Pakistani prosecutor to obtain evidence in Pakistan and this contact constituted official request).

Here, the U.S. Drug Enforcement Administration's (DEA) Mexico City Country Office has made numerous requests to its Mexican counterparts to obtain documents and other evidence related to the specified unlawful activity in this case since before a grand jury indicted Defendant and before the government formally transmitted its mutual legal assistance request. The government is more than willing to provide the court with copies of these requests to satisfy the preponderance of the evidence as required in §3161(h)(9). The government then followed up on these requests with the abovementioned treaty requests to various countries.

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant its motion, and to certify this case as complex.

RESPECTFULLY SUBMITTED,

RICHARD WEBER, CHIEF
ASSET FORFEITURE AND
MONEY LAUNDERING SECTION

KENNETH A. BLANCO, CHIEF
NARCOTIC AND DANGEROUS DRUG SECTION

_____/s/_____
Paul W. Laymon
Wanda Dixon
Robert Stapleton
Mary Mogavero
Trial Attorneys
Criminal  Division, Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-1263